IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling Division

DIANA MEY, on behalf of herself and
others similarly situated,

    Plaintiff,

v.

FIRSTSOURCE SOLUTIONS USA, LLC

    Defendant.

Civil Action No. 5:25-cv-113 Bailey

ELECTRONICALLY FILED
5/21/2025
U.S. DISTRICT COURT
Northern District of WV

## COMPLAINT

Plaintiff Diana Mey ("Mey") states as follows for her Complaint against Defendant Firstsource Solutions USA, LLC ("Firstsource"):

### Parties and Jurisdiction

1. Plaintiff Diana Mey is an individual residing in Wheeling, West Virginia.

2. Defendant Firstsource Solutions USA, LLC is a Delaware limited liability company with a principal place of business in Lexington, Kentucky.

3. Firstsource is registered with the West Virginia Secretary to do business in the State. And, as evidenced by the calls to Mey, Firstsource offers financial assistance to West Virginia consumers and/or debt collection services on behalf of West Virginia healthcare providers.

4. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Mey's claims arise under federal law.

5. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Mey's claims occurred in this district. In particular, Firstsource placed illegal calls to a Wheeling resident on behalf of a Wheeling-based healthcare provider.

**Operative Facts**

6. Firstsource is a subsidiary of Firstsource Solutions Limited. Firstsource Advantage LLC, another subsidiary of Firstsource Solutions Limited, is a registered collection agency with the West Virginia Tax Division.

7. Firstsource provides eligibility and enrollment services for government-funded medical assistance programs, targeting uninsured, underinsured, and self-pay patients. According to it, Firstsource contacts such patients on behalf of healthcare providers to help them identify and apply for financial assistance programs or grants to cover medical expenses. *See Mosier v. Firstsource Solutions USA, LLC*, No. 3:23-cv-01343, ECF No. 27 (N.D. Ohio).

8. In the ordinary course of its business, Firstsource contracts with healthcare providers to deliver these financial assistance services. *Id.* at ECF No. 44. Under such agreements, providers identify potentially eligible patients—typically those who have self-disclosed as uninsured, underinsured, or self-paying—and refer them to Firstsource, along with certain personal information, including contact information. *Id.* Firstsource then attempts to connect these patients with appropriate financial aid resources.

9. Upon information and belief, and consistent with prior practices, Firstsource entered into a contract with WVU Medicine Wheeling Hospital to provide financial assistance services to the hospital's patients. Mey, who is a self-pay patient of the hospital, was among those apparently identified as a candidate for Firstsource's services.

10. Mey's telephone number is 304-280-XXXX. She is the owner and user of the phone to which the below calls were placed., as well as the subscriber associated with that phone number. Mey's numbers was, at all relevant times, listed on the National Do Not Call Registry and used exclusively for residential purposes.

11. On January 8, 2025, Mey received a call from 878-999-8473 to 304-280-XXXX. When Mey answered the call, the following prerecorded message was played:

> Hello, this is Firstsource calling on behalf of WVU Wheeling Hospital with an important message for Diana Mey. We're calling to determine if you qualify for financial assistance programs. This is a complimentary service provided free of charge to you by the hospital. Please go to screen.firstsource.com or call at your earliest convenience at 877-658-9477 to expedite the prequalification process and better serve you. Please reference number 81817854 when inquiring about this free service. [The recording repeated itself, then repeated a third time in Spanish.]

12. When calling 877-658-9477, the number provided in the prerecorded message, a prerecorded answering service indicates that the caller has reached the "Firstsource Eligibility Prequalification Services Line." When calling 878-999-8473, the number from which the call originated, the prerecorded answering service

indicates that the caller has likewise reached the "Firstsource Eligibility Prequalification Services Line."

13. On January 16, 2025, Mey received a call from 878-999-8534 to 304-280-XXXX. When Mey answered, the same prerecorded message played.

14. Mey never consented to be called by or on behalf of Firstsource. Nor did Mey have a prior business relationship with Firstsource.

15. The unauthorized telephone calls that Mey received from or on behalf of Firstsource have harmed Mey in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone.

## Class Allegations

16. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Mey sues on behalf of all other persons or entities similarly situated throughout the United States.

17. The class of persons Mey proposes to represent include:

> **Prerecord Class.** All persons within the United States (a) to whom Firstsource or its agents initiated a telephone call promoting Firstsource's products or services, (b) to a residential and/or cellular telephone number, (c) using artificial or prerecorded voice messages without the appropriate consent, (d) at any time four years before the date this action was commenced through the date of class certification.

> **DNC Class.** All residential telephone subscribers within the United States (a) who has registered his or her telephone number on the National Do Not Call Registry and (b) received more than one telephone call within any 12-month period by or on behalf of Firstsource without the appropriate consent (c) at any time four years before the

4

date this action was commenced through the date of class certification.

18. Excluded from the classes are Firstsource, any entities owned or affiliated with Firstsource, the Firstsource's agents and employees, any judge to whom this action is assigned, and any member of the judge's staff and immediate family.

19. The identities of proposed class members are ascertainable through Firstsource's phone records and customer databases.

20. Upon information and belief, potential class members number in the thousands, at least. Individual joinder of these persons is impracticable.

21. Mey is a member of each class and sustained the same injury as those in the putative classes.

22. There are questions of law and fact common to Mey and to the proposed classes, including but not limited to:

   a. Whether Firstsource and/or its affiliates, agents, and/or other persons or entities acting on its behalf made telemarketing calls using artificial or prerecorded messages;

   b. Whether Firstsource and/or its affiliates, agents, and/or other persons or entities acting on its behalf made telemarketing calls to residential telephone numbers on the do-not-call registry;

  c. Whether Firstsource and/or its affiliates, agents, and/or other persons or entities acting on its behalf obtained the appropriate consent from the call recipients;

  d. Whether the violations of the TCPA were negligent, willful, or knowing; and

  e. Whether Mey and the class members are entitled to statutory damages against Firstsource.

23. Mey's claims are based on the same facts and legal theories, and therefore are typical of the claims of class members.

24. Mey will fairly and adequately represent the interests of the class. She is represented by counsel skilled and experienced in class actions, including TCPA class actions.

25. The actions of Firstsource are applicable to the class and to Mey.

26. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.

27. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

## COUNT I
## Violations of the TCPA, 47 U.S.C. § 227(b)

28. Mey incorporates the allegations from all previous paragraphs as if fully set forth herein.

29. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii) and (b)(1)(B).

30. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

31. Under the TCPA, a person or entity can be liable for calls made on its behalf, even if the person or entity does not directly place the calls. *See* 47 U.S.C. § 227(c)(5).

32. As explained by the FCC, the agency charged with interpreting and enforcing the TCPA, the applicable rules "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

33. The foregoing acts and omissions of Firstsource and/or its affiliates, agents, and/or other persons or entities acting on its behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for

emergency purposes, to the cellular telephone numbers of Mey using prerecorded messages.

34. Firstsource's violations were negligent, willful, and knowing.

## COUNT II
### Violations of the TCPA, 47 U.S.C. § 227(c)

35. Mey incorporates the allegations from all previous paragraphs as if fully set forth herein.

36. Firstsource and/or its affiliates, agents, and/or other persons or entities acting on its behalf made telemarketing calls to Mey's residential telephone, which was listed on the do-not-call registry, in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

37. Mey received more than one telephone call within a 12-month period by or on behalf of Firstsource in violation of the TCPA.

38. Firstsource's violations were negligent, willful, and knowing.

WHEREFORE, Mey requests the following relief:

A. Judgment permanently enjoining Firstsource from engaging in unlawful telemarketing practices;

B. Judgment awarding any other injunctive relief necessary to ensure Firstsource's compliance with the TCPA; and

C. Judgment awarding Mey and the putative class statutory damages under the TCPA.

JURY TRIAL DEMANDED

                                   **DIANA MEY**

                                   By Counsel:

                                   */s/ Andrew C. Robey*

Ryan M. Donovan (WVSB #11660)
Andrew C. Robey (WVSB #12806)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
t: 681-265-3802
f: 304-982-8056
rdonovan@hfdrlaw.com
arobey@hfdrlaw.com